# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

CIVIL ACTION
NO. 1:17-cv-282

ACADIA INSURANCE COMPANY,  )
                                                   )
                      Plaintiff      )
v.                                            )
                                                  )
METCOR, LTD.,                )
                                                  )
                    Defendant   )

## COMPLAINT FOR DECLARATORY JUDGMENT
## PURSUANT TO 28 U.S.C. § 2201, *ET SEQ.* AND F.R. CIV. P. 57

NOW COMES the Plaintiff, Acadia Insurance Company, by and through its counsel, Morrison Mahoney LLP, and as for its Complaint for Declaratory Judgment states as follows:

### JURISDICTION

1. This is an action brought pursuant to the Court's admiralty jurisdiction, 28 U.S.C. §1333, 28 U.S.C. §2201, *et seq.*, and is a matter within the meaning of Rule 9(h) and Rule 57, F.R.Civ.P.

### PARTIES

2. Plaintiff Acadia Insurance Company ("Acadia") is, and at all times relevant to this matter was, a corporation duly authorized to transact business in the State of Rhode Island.

3. Upon information and belief, Defendant Metcor, Ltd. ("Metcor") is a company duly organized and existing pursuant to the laws of the District of Columbia, with a place of business at 1500 K Street NW, Suite 350, Washington, D.C., 20005, and is subject to the jurisdiction of this Court as further described below.

4. The *S/V Donnybrook* (O.N. 1152360) is a 70.4' composite-hulled yacht ("Vessel") owned by Metcor and has been located at a boatyard in Portsmouth, R.I., during relevant portions of the Policy period. Upon information and belief, the Vessel is currently located at the same boatyard in Portsmouth, R.I., and is therefore within the District of Rhode Island.

## CLAIM FOR RELIEF

5. This is an action brought pursuant to 28 U.S.C. §2201, *et seq.*, and Rule 57, F.R.Civ.P., in which Acadia seeks a declaration that it has no contractual obligation to pay any of the alleged claims asserted by Defendant Metcor, Ltd.

## COUNT I
## HULL CLAIM

6. Acadia repeats and realleges its allegations contained in Paragraphs 1 through 5, above, with the same force and effect as if more fully set forth herein.

7. On or about August 12, 2015, Acadia issued to Metcor a recreational yacht policy, No. YPA 5179147-11, covering the *S/V Donnybrook* (O.N. 1152360) with a policy period of October 21, 2015 to October 21, 2016 (the "Policy"). A certified copy of the Policy is attached hereto as **Exhibit "A"**.

8. The Policy was issued in Westbrook, Maine, and forwarded to Metcor's agent, Gowrie, Barden & Brett, Inc., in Westport, Conn.

9. Metcor alleges that on or about March 1, 2016, or on or about May 18, 2016, it discovered a problem with the Vessel's keel while the Vessel was in the Caribbean.

10. On or about December 30, 2016, Metcor asserted a claim seeking coverage for keel damage that it claimed was covered by the terms of the Policy.

11. Metcor did not specify what was wrong with the keel or what may have caused the alleged damage.

12. Metcor filed a hull claim ("Hull Claim") relating to damage to the Vessel's keel but did not specify the amount of the claim.

13. Acadia investigated the Hull Claim by hiring Newport Marine Surveyors of Newport, R.I. ("Surveyor"), who inspected the Vessel and concluded that no sudden or accidental loss had occurred to the Vessel's keel. Rather, any problems with the Vessel's keel were the result of a lack of maintenance and / or wear and tear, conditions which are excluded and / or not covered by the terms of the Policy.

14. The Hull portion of the Policy has a $19,000 deductible for each occurrence.

15. On June 9, 2017, Acadia denied Metcor's Hull Claim on the grounds that the Hull Claim did not fall within the coverage provided by the Policy or was otherwise excluded by the Policy. A copy of Acadia's Denial letter is attached hereto as **Exhibit "B"**.

16. An actual controversy exists as to whether Acadia has a legal obligation to pay Metcor's Hull Claim pursuant to the terms of the Policy.

## COUNT II
## SUE AND LABOR

17. Acadia repeats and realleges its allegations contained in Paragraphs 1 through 16, above, with the same force and effect as if more fully set forth herein.

18. After allegedly discovering the alleged damage to the keel, Metcor hauled the Vessel out of the water at St. Thomas, U.S.V.I., on or about May 18, 2016; transported the Vessel on a ship to Rhode Island; stored the Vessel at a boatyard in Portsmouth, Rhode Island from May 2016, through December, 2016; and then posted a watchman to maintain the Vessel while she was in storage at the boatyard.

19. Metcor did not inform Acadia of the above activities until its letter of December 30, 2016, when it first reported the alleged damage to the keel.

20. Metcor claims that the expenses related to the above activities described in Paragraph 18 were "investigative costs" or "sue and labor" charges ("Sue and Labor Claim") under the Policy.

21. Acadia investigated and concluded the Policy did not provide coverage for the Sue and Labor Claim.

22. Acadia denied coverage of the Sue and Labor Claim by letter dated June 9, 2017. *See* **Exhibit "B"**, attached hereto.

23. An actual controversy exists as to whether Acadia has a legal obligation to pay Metcor's Sue and Labor Claim pursuant to the terms of the Policy.

WHEREFORE, Plaintiff, Acadia Insurance Company, prays for a judgment declaring that Acadia Policy No. YPA 5179147-11 does not provide coverage for the claims being asserted by Metcor, Ltd., for either the alleged Hull Claim of the *S/V Donnybrook*, or the Sue and Labor Claim, and for such other and further relief as this honorable Court deems just and proper.

DATED at Providence, Rhode Island, this 9th day of June, 2017.

ACADIA INSURANCE COMPANY
By its Counsel:


/s/John P. Graceffa
John P. Graceffa, # 5201
jgraceffa@morrisonmahoney.com
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
Telephone: (401) 331-4660

Twain Braden, Esq.
tbraden@thompsonbowie.com
THOMPSON BOWIE & HATCH, LLP
P.O. Box 4630
415 Congress Street, Suite 500
Portland, ME 04112-4630
Telephone: (207) 774-2500
*Pro hac vice pending*


CERTIFICATE OF SERVICE

I, John P. Graceffa, hereby certify that on June 9, 2017, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to such counsel as have entered an appearance in this matter.


/s/John P. Graceffa
John P. Graceffa, Esq.